UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMERON AND DENISE HOFFMAN, GAUDIN-HOFFMAN, INC., AND MIMSTOCK, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11425** |
| **ALLIANCE INSURANCE AGENCY SERVICES, INC., AND MANUEL DEPASCUAL AND XYZ INSURANCE AGENCY AND ZURICH AMERICAN INSURANCE COMPANY AND/OR ZURICH NORTH AMERICA** | **SECTION: "C"(4)** |

## ORDER AND REASONS

The Court previously ordered briefing by all parties as to whether: (1) defendants, Alliance Insurance Agency Services, Inc. ("Alliance") and Manuel DePascual ("DePascual") were fraudulently joined; (2) there was at least $75,000 in controversy on the date of removal; and, (3) the above captioned matter concerns the administration or procurement of a flood insurance policy issued pursuant to the National Flood Insurance Program ("NFIP") (Rec. Doc. 26). Having reviewed the record, the memoranda of counsel and the applicable law, the Court finds that remand is appropriate.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See* 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions that arise under the laws of the United States, i.e. present federal questions. 28 U.S.C. § 1331.[1] The district courts also have jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.[2] *See* 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has

---

[1] In their Notice of Removal, the defendnats relied upon 28 U.S.C. § 1332 as the sole basis for removal. However, after reviewing the pleadings, the Court noticed that it may have jurisdiction under 28 U.S.C. § 1331 and ordered the parties to brief the issue. *See* Rec. Doc. 26.

[2] The amount in controversy is not an issue here. In their state court petition, the plaintiffs stated that they are seeking $100,000, among other damages, for flood insurance contents coverage that they allegedly requested, which Alliance and/or DePascual allegedly failed to procure. In their briefs submitted pursuant to the Court's June 25, 2006 order, the parties all agreed that the plaintiffs' damages exceed $75,000. Rec. Docs. 36-38.

been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); *see also*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (*citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (*citing Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (emphasis added)).

     A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline,* 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (*citing Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-

3

diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (*citing B., Inc.*, 663 F.2d at 545). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc); *see also Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .") A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder. *Id.* A minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

In their Notice of Removal, Zurich American Insurance Company ("Zurich"), Alliance and DePascual (collectively, "removing defendants") claim that the Louisiana defendants, Alliance and DePascual, were fraudulently joined so as to defeat removal. Rec. Doc. 1. Specifically, the removing defendants assert that the plaintiffs have not stated a claim against the insurance agents because under Louisiana law, insurance agents do not have a duty to advise insureds as to whether they are under-insured or carry the correct type of coverage. Also, the removing defendants argue that any claims that the plaintiffs may have had against the Louisiana defendants are perempted by Louisiana Revised Statute § 9:5606.

The plaintiffs disagree. They assert that the Louisiana defendants were not fraudulently joined. They argue that the allegations against Alliance and DePascual in their state court petition allege a cause of action against the insurance agent under Louisiana law. Specifically, they assert that the insurance agents did not place the insurance that they requested. They also argue that their claims against the Louisiana defendants are not perempted by Louisiana Revised Statute § 9:5606. Rec. Doc. 1.

**1. PEREMPTION**

The removing defendants allege that the claims against Alliance and DePascual are perempted under Louisiana Revised Statute § 9:5606.[3] They claim that the preemptive period began to run in 1997 when the plaintiffs first purchased a builder's risk policy and that any renewals did not restart the preemptive period.  Rec. Doc. 36.  The plaintiffs did not file their lawsuit until August 2006.  Rec Doc. 1.  As a result, the removing defendants argue that the insurance agents did not commit an action, omission or negligence within the one year peremption period, so the plaintiffs' claims against them are perempted.

Although the plaintiffs filed suit in August 2006, the claim that they did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005.  These dates show that the plaintiffs filed suit within one year of when they actually learned of the alleged actions, omissions or neglect.

---

[3]  Louisiana Revised Statute § 9:5606 provides in relevant part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Thus, the inquiry is when the plaintiffs should have discovered the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (*citing Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). The plaintiffs assert that they relied on the agents' "professional advice and guidance" in purchasing their builder's risk insurance. Rec. Doc. 37. Arguably, the plaintiffs could have discovered any gaps in their insurance coverage by carefully reading the policies. At the same time, without further factual development, the Court cannot determine whether the plaintiffs were lulled into complacency by representations made by the agents. The facts may disclose that the plaintiffs' reliance was well-founded, regardless of the actual language of the policy, and that the plaintiffs therefore are excused from their failure to discover the problem earlier.

Furthermore, the plaintiffs' claims against the insurance agents are not perempted by the three year peremption period provided by Louisiana Revised Statute § 9:5606. The plaintiffs assert that they purchased their last builder's risk policy in April 2004 and that they requested coverage for contents on their flood insurance policy within three years of filing this suit. Rec. Doc. 37. As mentioned above, they filed suit in August 2006. Thus, the plaintiffs' claims against the insurance agents are not

7

perempted.[4]

## 2. FIDUCIARY DUTY

The removing defendants also argue that Alliance and DePascual are improperly joined because they did not owe a fiduciary duty to the plaintiffs. They argue that insurance agents did not have a duty to independently advise the plaintiffs about the availability or desirability of certain insurance coverages.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id.* (*citing Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

---

[4] The Court recognizes that some of the plaintiffs' claims regarding insurance policies purchased prior to August 2003 may be perempted. However, the Court refrains from any such discussion, because it has found that the plaintiffs may have at least one claim that is not perempted.

The plaintiffs allege that the insurance agents failed to place the insurance that they requested.  Specifically, they allege that the insurance agents did not place the proper builder's risk insurance and failed to procure contents coverage on their flood insurance polices.  These allegations are sufficient to state a claim under Louisiana law.  Accordingly, the Court finds that the removing defendants have not established that there is no reasonable basis for the plaintiffs' claims against Alliance and DePascual.

### 3. NATIONAL FLOOD INSURANCE PROGRAM

Congress established the NFIP by enacting the National Flood Insurance Act of 1968 ("Act"), 42 U.S.C. § 4001, *et. seq*.  Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program.  The public can purchase insurance policies, Standard Flood Insurance Policies ("SFIP") either directly from FEMA or from the WYO companies.  42 U.S.C. § 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP.  It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

Here, the plaintiffs are suing their insurance agents alleging that the agents did

9

not procure contents coverage on their SFIP as they requested.  Rec. Doc. 1.  The defendants assert that this alleged failure to procure the requested flood insurance coverage arises under federal law.  However, the Courts in this district have uniformly found that federal jurisdiction is not available for causes of action arising out of a failure to procure flood insurance.  In *Landry v. State Farm Fire & Casualty Co.*, Judge Fallon noted that: "[a]lthough the Fifth Circuit has not spoken directly on this issue, a number of district courts have held that federal question jurisdiction does not exist for claims related to flood insurance procurement." 428 F.Supp.2d 531 (E.D.La. 2006) (*citing Waltrip v. Brooks Agency, Inc.*, 417 F.Supp.2d 768, 770 (E.D.Va.2006); *Roybal v. Los Alamos National Bank*, 375 F.Supp.2d 1324, 1332-33 (D.N.M.2005); *Corliss v. South Carolina Ins. Co.*, No. 03-2944, 2004 WL 2988497, at *3 (E.D.La. Dec. 12, 2004) (Vance, J.); *Elizabeth v. USAA Gen. Indem. Co.*, No. 02-2021, 2002 WL 31886719, at *3 (E.D.La. Dec. 19, 2002) (Vance, J.)).  This Court has adopted the reasoning in *Landry* that claims for failure to procure flood insurance do not fall under federal jurisdiction.  *Rivera v. State Farm Fire and Casualty Company*, 2007 WL 763633 (E.D.La. 3/8/2007).  Since the cause of action underlying this case asserts that the insurance agents failed to procure flood insurance to cover the plaintiffs' contents, this case concerns negligent procurement, as opposed to the handling of SFIPs, and thus, does not invoke federal questions jurisdiction.

Accordingly,

IT IS ORDERED that this matter by and hereby is **REMANDED** to the Civil

10

District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

IT IS FURTHER ORDERED that, in light of this remand, the Motion for Summary Judgment filed by Manuel DePascual and Alliance Insurance Agency Services, Inc. (Rec. Doc. 11) is hereby **DISMISSED**.

New Orleans, Louisiana this 19th day of July, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE